4 So.2d 267

### Ex parte MIDDLETON.

I Div. 409.

Court of Appeals of Alabama.

Oct. 14, 1941.

Bart B. Chamberlain, Jr., of Mobile, for petitioner.

RICE, Judge.

Writ denied.

BRICKEN, Presiding Judge (dissenting).

Upon submission of this matter in this court, it was assigned to one of my associates, who without written opinion orders that the writ be denied. And as to this, I am informed the other associate member of this court is in accord.

The writer does not so conclude, and is of the opinion that the writ, so far as it relates to the prayer for mandamus, should be awarded.

Clearly from the averments of the petitioner she is entitled to the relief sought in this connection.

It appears from the petition that petitioner was arrested, without warrant, tried and convicted in the Recorder's Court for violating a certain city ordinance (misdemeanor). As to the foregoing the petition shows:

"I. That on August 30, 1941, she was tried in the Recorder's Court of the City of Mobile, Alabama, on a charge of having in her possession lottery paraphernalia, on which trial she was duly adjudged guilty.

"II. That on September 2, 1941, within the time and in the manner and form prescribed by law, she gave notice that she appealed from said verdict of guilty; that on September 3, 1941, she made bond in the amount prescribed by the Recorder of the City of Mobile, in the form required by the ordinances of the City of Mobile, signed by two good and sufficient sureties; that the Honorable Norvelle R. Leigh, III, Recorder of the City of Mobile, Alabama, failed and refused to approve said bond.

"III. That your petitioner is presently in the custody of Honorable E. V. Warren, Chief of Police of the City of Mobile, Alabama, where she is incarcerated by him in the City Jail in the City of Mobile, Alabama, under and by virtue of the committment of the said Norvelle R. Leigh, III, as recorder of the City of Mobile, Alabama, and on account of which said committment and the failure and refusal of said Recorder to approve said bond, she is at this time incarcerated in said jail.

"V. That the said sureties signing the said bond, a true and correct copy of which is made a part of the original application for a writ of habeas corpus, are residents of Mobile County, Alabama, and own, in Mobile County, Alabama, real property assessed for more than the amount of the bond required in this case after deducting from their assessments the homestead exemption allowed them by the laws of Alabama."

Following the foregoing, and other averments in the petition, the prayer of the petitioner appears, viz.:

"Wherefore your petitioner prays in the alternative as follows:

"a. That this Honorable Court issue a writ or order to the Honorable David H. Edington, Judge of the Circuit Court of Mobile County, Alabama, requiring him to proceed and hear the cause made by the presentation to him of the petition for a writ of habeas corpus, or

"b. Issue an original writ of habeas corpus requiring the said E. V. Warren, Chief of Police of the City of Mobile, Alabama, to bring the body of the petitioner before this Honorable Court on a day and at an hour to be determined and provided in said writ, or

"c. Issue a writ of mandamus or other remedial writ directing said Norvelle R. Leigh, III, Recorder of the City of Mobile, Alabama, to show cause why an order

should not be made directing him to approve the said bond."

In answer to the preliminary writ, issued by this court, the nisi prius judge gave as his principal reason for refusing to consider the petition: "Because the petition joins two extra-ordinary remedies, provided under the statutes of Alabama, against different parties and of different functions which would have required a duty on the Court to elect between the remedies or refuse both or grant both. An election on the part of the Court in granting one and refusing the other or granting both that would place before this Honorable Court. on appeal a confused situation and establish a precedent that extra-ordinary remedies, such · as mandamus, habeas corpus, certiorari and writ of prohibition, with different functions and against different parties, might be successfully joined in one petition, and for which this Court has been unable to find any precedent in the decisions of the Court of Appeals or the Supreme Court of Alabama."

It is to be noted that the relief sought relates to the same subject matter. The prayers of the petition are in the disjunctive, and notwithstanding there may appear duplicity or multiplicity in said prayers, the writer is of the opinion that such fact of itself did not warrant or justify the nisi prius judge in refusing and declining to hear and determine the matters presented by the petition. To the contrary, in the opinion of the writer, the said judge was under the duty ˙to issue the preliminary writ, which he refused to do, and to hear and determine the matters presented upon their merits,· and if petitioner was entitled to relief under either of the alternative prayers, such relief should have been accorded.

It is elementary that the petitioner, after conviction, as aforesaid, and within the prescribed period of time had the inherent right to appeal from the judgment of conviction rendered against her in the recorder's court to the circuit court, as˙ the statutes specifically provide; and the recorder had no legal right, or authority, to deny her such right by arbitrarily and unlawfully refusing to let her even present to him for approval (which was attempted) a good and sufficient appeal bond. In this action the recorder emasculated and rendered nugatory the existing statutes. If such action can be maintained, chaotic confusion and oppression would necessarily prevail, and if there be such, any ill advised, incompetent or prejudiced recorder, if so minded, could cause great hardship and suffering, in face of the statutes created and enacted to avert such a condition.

There appears no necessity to prolong this opinion relative to the views of the writer, so will conclude by stating the axiomatic principle of the fundamental law to the effect that no person shall be deprived of life, liberty, or property, except by due process of law; that no person charged with crime shall be punished except by virtue of a law which has been duly established ánd promulgated; and that right and justice shall be administered without sale, denial, or delay.

In my opinion the writ should be here issued to the respondent in line with what has been said, and for other reasons not necessary to discuss.